UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
Civil Action No. 1:21-cv-814

| | |
|---|---|
| LARISSA HARPER HAIRGROVE, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SALISBURY, DOWNTOWN SALISBURY INC. and LANE BAILEY, in his individual and official capacity, <br><br> Defendants. | **DEFENDANTS CITY OF SALISBURY AND LANE BAILEY'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Defendants City of Salisbury and Lane Bailey ("Answering Defendants"), by and through counsel, Cranfill Sumner LLP, file this Answer in response to the Plaintiff's Complaint as follows:

## FIRST DEFENSE

Answering Defendants plead lack of subject matter jurisdiction and personal jurisdiction pursuant to the provisions of rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

Answering Defendants plead all applicable immunities to which they are entitled to by operation of law and in bar of Plaintiff's claims herein, including governmental immunity, qualified immunity and public officials immunity.

## FOURTH DEFENSE

In response to individual paragraphs of Plaintiff's Complaint, Answering Defendants state as follows:

## PRELIMINARY STATEMENT

1. It is admitted that Plaintiff brings this action pursuant to Title VII, 42 U.S.C. §2000e-1 et seq and state law. It is specifically denied that these Answering Defendants retaliated, created a hostile work environment or are liable to Plaintiff under these statutes or under any other statute, law or theory. Except as admitted, denied.

2. It is admitted that Plaintiff also brings this action pursuant to 29 U.S.C. § 201 et seq and N.C. Gen. Stat. § 95-25.1 et seq. It is specifically denied that Defendants violated either of these federal or state laws. Except as admitted, denied.

3. It is admitted that Plaintiff also brings this action pursuant to 42 U.S.C. § 1983. It is specifically denied that Defendant Bailey violated any of Plaintiff's rights under the United States Constitution. Except as admitted, denied.

4. It is admitted that Plaintiff also brings this action pursuant to State common law. It is specifically denied that Defendant Bailey violated Plaintiff's right to equal protection or the fruits of her labor. Except as admitted, denied.

5. Paragraph 5 contains no allegations and, therefore, no response is required. To the extent a response is required, it is denied that Plaintiff is entitled to any relief as to these Answering Defendants.

## JURISDICTION

6. The allegations contained in this paragraph are legal conclusions for which no response is required. To the extent a response is required, denied.

7. The allegations contained in this paragraph are legal conclusions for which no response is required. To the extent a response is required, denied.

8. It is admitted that Plaintiff filed her Complaint within 90 days after the Right to Sue Notice was issued by the EEOC. Except as admitted, denied for lack of information or belief.

## VENUE

9. The allegations contained in this paragraph are legal conclusions for which no response is required.

## PARTIES

10. Denied as stated.

11. Admitted.

12. It is admitted that Defendant City of Salisbury is a municipal corporation organized under the laws of the State with the powers and duties conferred by law. N.C. Gen. Stat. § 160A-4 is a written document for which no response is required. To the extent the allegations contained in paragraph 12 contradict that written document, they are denied. Except as admitted, denied for lack of information or belief.

13. Admitted.

## FACTS

14. It is admitted that Plaintiff was employed as the Downtown Development Director for the City of Salisbury. Exhibit A is a written document which speaks for itself. To the extent

the allegations in paragraph 14 contradict that written document, they are denied. Except as admitted, denied for lack of information or belief.

15. Denied as stated.

16. Denied as stated or for lack of information or belief.

17. Denied as stated or for lack of information or belief.

18. Denied as stated or for lack of information or belief.

19. It is admitted that Plaintiff was an exempt employee. Except as admitted, denied as stated.

20. Denied as stated or for lack of information or belief.

21. Denied as stated.

22. It is admitted that the DSI Board complained about the Plaintiff. Except as admitted, denied as stated or for lack of information or belief.

23. Denied.

24. Denied.

25. Denied as stated or for lack of information or belief.

26. Exhibit C is a written document which speaks for itself. To the extent the allegations contained in paragraph 26 contradict that written document, they are denied.

27. Exhibit D is a written document which speaks for itself. To the extent the allegations contained in paragraph 27 contradict that written document, they are denied.

28. Exhibit E is a written document which speaks for itself. To the extent the allegations contained in paragraph 28 contradict that written document, they are denied.

29. It is admitted that the DSI Board complained about the Plaintiff. Except as admitted, denied as stated or for lack of information or belief.

4

4890-5459-4822, v. 1

Case 1:21-cv-00814-CCE-JLW Document 5 Filed 12/22/21 Page 4 of 10

30. It is admitted that Zach Kyle issued a disciplinary action report to Plaintiff on or about December 19, 2018. The report is a written document which speaks for itself. To the extent the allegations contained in paragraph 30 contradict that written report, they are denied. Except as admitted, denied as stated or for lack of information or belief.

31. Denied for lack of information or belief.

32. Denied as stated or for lack of information or belief.

33. It is admitted that Zach Kyle issued another disciplinary action report to Plaintiff on or about June 18, 2019. The report is a written document which speaks for itself. To the extent the allegations contained in paragraph 33 contradict that written report, they are denied.

34. The report referred to in paragraph 33 is a written document which speaks for itself. To the extent the allegations contained in paragraph 34 contradict that written report, they are denied. The remaining allegations of paragraph 34 are denied for lack of information or belief.

35. The report referred to in paragraph 33 is a written document which speaks for itself. To the extent the allegations contained in paragraph 35 contradict that written report, they are denied. The remaining allegations of paragraph 35 are denied for lack of information or belief.

36. Denied as stated.

37. Emails are written documents which speak for themselves. To the extent the allegations contained in paragraph 37 contradict a written document, they are denied.

38. It is specifically denied that Plaintiff was scrutinized in a manner unlike any of the other male department heads. The remaining allegations of paragraph 38 are denied for lack of information or belief.

39. Plaintiff's performance review is a written document which speaks for itself. To the extent the allegations contained in paragraph 39 contradict that written document, they are denied

40. Denied as stated.

41. Exhibit H is a written document which speaks for itself. To the extent the allegations contained in paragraph 41 contradict that written document, they are denied. The remaining allegations of paragraph 41 are denied for lack of information or belief.

42. Denied as stated or for lack of information or belief.

43. The letter of March 17, 2020, is a written document which speaks for itself. To the extent any allegations contained in paragraph 43 contradict that written document, they are denied.

44. Exhibit I is a written document which speaks for itself. To the extent the allegations contained in paragraph 44 contradict that written document, they are denied.

45. Denied for lack of information or belief.

46. It is admitted that Bailey had concerns about Plaintiff's ability to lead the DSI. Except as admitted, denied as stated or for lack of information or belief.

47. Exhibit J is a written document which speaks for itself. To the extent the allegations contained in paragraph 47 contradict that written document, they are denied.

48. Exhibit K is a written document which speaks for itself. To the extent the allegations contained in paragraph 48 contradict that written document, they are denied.

### COUNT ONE – TITLE VII
### (SEX DISCRIMINATION AND
### HOSTILE WORK ENVIRONMENT DUE TO SEX)

49. No response is required for this paragraph.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## COUNT TWO – TITLE VII
### (RETALIATION FOR COMPLAINING ABOUT SEX DISCRIMINATION AND A HOSTILE WORK ENVIRONMENT DUE TO SEX)

55. No response is required for this paragraph.

56. Denied.

57. Denied as stated.

58. Denied.

59. Denied.

## COUNT THREE – WAGE AND HOUR VIOLATIONS IN VIOLATION OF THE NCWHA AND THE FLSA

60. No response is required for this paragraph.

61. Denied, including all subparts.

62. Denied as stated.

63. Denied.

64. Denied.

65. Denied.

## COUNT THREE [SIC] – VIOLATION OF STATE AND FEDERAL CONSTITUTIONAL GUARANTEES OF EQUAL PROTECTION IN VIOLATION OF SECTION 1983 (FEDERAL) AND SECTIONS 1 AND 19 (STATE *CORUM* CLAIM)

66. No response is required for this paragraph.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

The remaining allegations of Plaintiff's Complaint, not specifically admitted herein, including Plaintiff's prayer for relief, are denied.

## FIFTH DEFENSE

The employment practices of the Answering Defendants are now, and have been during the period of time referenced in the Complaint, conducted in all aspects in accordance with the state and federal laws, and in good faith.

## SIXTH DEFENSE

To the extent Plaintiff seeks relief for conduct occurring more than 180 days before filing the Charge of Discrimination with the Equal Employment Opportunity Commission, Plaintiff's claims are barred by the statute of limitation set forth in 42 U.S.C. § 2005(e).

## SEVENTH DEFENSE

Answering Defendants have not deprived Plaintiff of any rights protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq.

## EIGHTH DEFENSE

The 1991 amendment to Title VII limits the amount of damages that Plaintiff can recover against the Answering Defendants for compensatory and punitive damages. Any amount claimed in excess thereof should be dismissed.

## NINTH DEFENSE

The employment actions about which Plaintiff complains occurred solely as a result of the Plaintiff's own actions in failing to properly carry out the responsibilities and duties of her position.

## TENTH DEFENSE

Answering Defendants' actions, practices, and policies about which Plaintiff complains are and have been based on legitimate nondiscriminatory reasons and are and have been necessary to the orderly, safe, and efficient operation of Defendants' business.

WHEREFORE, having fully responded to the allegations of the Complaint, Answering Defendants pray unto the Court as follows:

1. That the Plaintiff have and recover nothing of the Answering Defendants by way of this lawsuit and that the Complaint be dismissed with prejudice;

2. That all issues of fact be tried by a jury;

3. That the Answering Defendants have and recover their costs; and

4. For such other and further relief as this Court deems just and proper.

Respectfully submitted, this the 22nd day of December, 2021.

CRANFILL SUMNER LLP

BY: /s/ *Patrick H. Flanagan*
Patrick H. Flanagan, State Bar #17407
*Attorney for Defendants City of Salisbury and Lane Bailey*
Post Office Box 30787
Charlotte, North Carolina 28230
Telephone: (704) 332-8300
Facsimile: (704) 332-9994
phf@cshlaw.com

## CERTIFICATE OF SERVICE

      This is to certify that the undersigned has this day electronically filed the foregoing ***DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT*** with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following:

Valerie Bateman
FORREST FIRM, P.C.
Valerie.bateman@forrestfirm.com

Rachel M. Blunk
FORREST FIRM, P.C.
Rachel.blunk@forrestfirm.com

*Attorneys for Plaintiff*

This the 22nd day of December, 2021.

                        CRANFILL SUMNER LLP

                BY:   /s/ *Patrick H. Flanagan*
                           Patrick H. Flanagan, State Bar #17407
                           *Attorney for Defendants City of Salisbury and Lane Bailey*
                           Post Office Box 30787
                           Charlotte, North Carolina 28230
                           Telephone: (704) 332-8300
                           Facsimile: (704) 332-9994
                           phf@cshlaw.com