IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:21-cv-00814-CCE-LRW

| | |
|---|---|
| LARISSA HARPER HAIRGROVE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF SALISBURY, DOWNTOWN )<br>SALISBURY INC., and LANE )<br>BAILEY, in his individual and official )<br>capacity, )<br>)<br>Defendant. ) | **MOTION TO AMEND COMPLAINT** |

NOW COMES Plaintiff, by and through the undersigned counsel, and moves this Court pursuant to F.R. Civ. P. 15(a) and LR 7.3(j) and 15.1 to amend her Complaint. In support of this Motion, Plaintiff shows the Court the following:

## BACKGROUND

1. Plaintiff filed her complaint against the Defendants on October 18, 2021. **DE 1.**

2. Defendant City of Salisbury filed its answer to the Plaintiff's Complaint on December 22, 2021. **DE 2.**

3. Plaintiff consented to the extension of time sought by Defendant DSI to answer Plaintiff's complaint originally due on January 9, 2022, and the Court

1

extended the time for Defendant DSI's response to January 20, 2022.

4. Meanwhile, since her Complaint was filed, Plaintiff has been waiting on the EEOC to sort out the conflicting notices of right to sue on her post-termination retaliation claims so that she could add additional facts about them to her original complaint against the Defendants.

5. Plaintiff filed charges of retaliation with the EEOC on August 12, 2021, which were stamped received on September 7, 2021, despite the fact they had been transmitted to the EEOC much earlier: Charge No. 433-2021-02401 against the City of Salisbury (2401/City) and Charge No. 433-2021-02402 against DSI (2402/DSI).

6. On August 31, 2021, Plaintiff received notice of right to sue in Charge No. 2401/City, prior to being informed that either of the charges had been entered into the EEOC portal system.

7. On September 2, 2021, Plaintiff's counsel brought the matter to the attention of the EEOC Raleigh Area Director who replied. See **Exhibit A**.

8. On September 7, 2021, apparently the EEOC entered both charges into the EEOC portal system as received. See **Exhibit B**.

9. Plaintiff received the right to sue in Charge No. 2402/DSI on October 21, 2022, and on December 3, 2021, Plaintiff received notice that the right to sue on Charge No. 2401/City had been rescinded, **Exhibit C**.

10. Plaintiff was hoping to have a right to sue for both the City and DSI prior to filing an amended complaint, but as of this date, the re-issued right to sue for the City has not been provided to Plaintiff.

11. Counsel for Defendants DSI and the City do not object to the amendment of the Plaintiff's Complaint.

**LAW**

12. F.R. Civ. P 15(a) provides for amendments before trial. Subsection (1) provides for amendments as a "matter of course." Subsection (2) provides for "other amendments." Subsection (2) also provides that "[t]he court should freely give leave when justice so requires."

13. While Rule 15(a) states that "leave shall be freely given when justice so requires," leave to amend is not automatic and is within the sound discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L.Ed.2d 222 (1962). *See also Deasy v. Hill,* 833 F.2d 38, 40 (4th Cir.1987), cert. denied, 485 U.S. 977, 108 S. Ct. 1271, 99 L.Ed.2d 483 (1988); *Gladhill v. General Motors Corp.*, 743 F.2d 1049, 1052 (4th Cir.1984).

14. This District has held that reasons to deny a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

3

futility of amendment, etc." *Shanks v. Forsyth Cty. Park Auth., Inc.*, 869 F. Supp. 1231, 1238 (M.D.N.C. 1994) (quoting *Foman*, 371 U.S. at 182, 83 S. Ct. at 230). *See also Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, 743 F.2d 1039, 1043 (4th Cir.1984).

15. Plaintiff has not engaged in undue delay, bad faith, and has no dilatory motive. Moreover, the motion to amend does not follow "repeated failures to cure deficiencies by amendments previously allowed." Nor will there be any undue prejudice to any of the Defendants because the amendments are for the purpose of clarification and for the specific purpose of providing details about a specific incident of post-termination retaliation which arguable did not even require Plaintiff to file an additional EEOC charge. *Jones v. Calvert Group, Ltd,* 551 F.3d 297, 303-304 (4th Cir. 2009) (affirming the holding in *Nealon v. Stone,* 958 F.2d 584 (4th Cir. 1992) that a plaintiff may raise a retaliation claim for the first time in federal court). Finally, the proposed amendment is not futile.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court allow Plaintiff to file an Amended Complaint.

Respectfully submitted, this the 19th day of January 2022.

/S/ VALERIE BATEMAN
NC State Bar: 13417
T: 919-810-3139
NEW SOUTH LAW FIRM
209 Lloyd St., Ste 350
Carrboro, NC 27510
valerie@newsouthlawfirm.com

/S/ JUNE ALLISON
NC State Bar: 9673
T: 704-277-0113
NEW SOUTH LAW FIRM
233 Laurel Avenue
Charlotte, NC 28207
june@newsouthlawfirm.com

***Attorneys for Plaintiff***

5

## CERTIFICATE OF SERVICE

I hereby certify that on the date below I filed the attached **Plaintiff's Motion to Amend Complaint** with the CM/ECF which will in turn serve a copy of this document on all parties who have filed a notice of appearance and/or have otherwise registered with the CM/ECF system in this matter.

Date: 19 January 2022

/S/ VALERIE BATEMAN
NEW SOUTH LAW FIRM