IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:21-cv-00814-CCE-LRW

| | |
|---|---|
| LARISSA HARPER HAIRGROVE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF SALISBURY, DOWNTOWN )<br>SALISBURY INC., and LANE )<br>BAILEY, in his individual and official )<br>capacity, )<br>)<br>Defendant. ) | **MOTION TO EXTEND**<br>**THE DISCOVERY DEADLINE** |

NOW COMES the Plaintiff and moves the Court to extend the discovery deadline and in support of this Motion shows the Court the following:

1. The parties filed an Amended Joint Rule 26(f) Report (DE24) which was approved by the Court on May 17, 2022. (DE25).

2. On July 14, 2022, the Court set this matter on the master trial calendar for the October 2, 2023, term, and notified the parties of the same. (DE27)

3. On October 21, 2022, the Court issued a supplemental standard order for civil cases which provided that the "deadlines in the Local Rules provide adequate time for briefing in all but exceptional circumstances and parties should not expect motions for extensions of time to be granted. Scheduling

1

Orders will not be modified merely because the parties so agree."

4. The parties in the above-captioned matter have been diligently conducting discovery.

5. The discovery deadline in this case was set in DE24 by the parties and adopted by Court in DE25 as January 31, 2023.

6. The Plaintiff noticed depositions for early January 2023 but acceded to requests of the Defendants to reschedule those depositions until the last date of the discovery period and in the case of one non-party, Whitney Wallace Williams, Esq., Plaintiff acceded to Defendant DSI's request to schedule the deposition to Ms. Williams' law office and after the discovery period.

7. Defendants have not yet noticed Plaintiff's deposition but have requested that Plaintiff be available on February 6 to be deposed, also after the close of discovery.

8. Plaintiff has also sought public records from the State of North Carolina, Department of Commerce related to the Main Street program which is of central importance in this case. The undersigned has been told that those documents will not be ready for at least three more weeks. Those documents thus cannot be produced to Defendants until received, which will be outside the discovery deadline of January 31, 2023.

9. The undersigned sought Defendants' position on this motion. Defendants'

position is as follows: "We do not object to the currently scheduled depositions on 1/30, 1/31, 2/1 and 2/6 being outside of the discovery period, but we object to any other extension of discovery."

10. First, Plaintiff's noticed depositions on January 30 and January 31 are not outside the discovery period, only the Deposition of Plaintiff sought to be taken by Defendants, which they have not even noticed as of the date of this motion.

11. The deposition of Whitney Wallace Williams was originally noticed for January 31, a date inside the discovery period, but re-scheduled to one day outside the discovery period, at Defendant DSI's request to accommodate Defendant's request that it occur at Ms. Williams' law office instead of the location at which it was previously noticed. As of the filing of this motion, neither Defendant has actually noticed Plaintiff's deposition.

12. Pursuant to LR56.1(a) and (b), the notice for noticing a dispositive motion in this case is currently set for February 15, 2023, and the dispositive motion deadline is March 2, 2023.

13. An extension of the discovery deadline in this case for thirty (30) days up and including March 2, 2023, would extend the dispositive motion to April 1, 2023, which would still give the parties six (6) months to prepare for trial.

14. The briefing schedule for responses and replies would then be

3

concluded by May 15, 2023, which would allow the Court four months to decide the motion for summary judgment and again allow the parties adequate time to prepare for a trial.

15. Mindful of the Court's admonition in its supplemental order that agreements among counsel are not sufficient to modify the Court's order and the provisions of the local rules and in an abundance of caution, Plaintiff seeks an extension of the discovery period for thirty (30) days, up to and including March 2, 2023, in order to allow Plaintiff's notice of deposition of Ms. Williams (made at Defendant's request) to be timely served, Defendants' notice of Plaintiff's deposition (which has not yet been served) to be timely served, and to allow Plaintiff's supplemental document production to be timely served.

Respectfully submitted, this the 27th day of January 2023.

| | |
|---|---|
| /S/ VALERIE L. BATEMAN | /S/ JUNE K. ALLISON |
| Valerie L. Bateman | June K. Allison |
| NEW SOUTH LAW FIRM | NEW SOUTH LAW FIRM |
| 209 Lloyd Street, Ste 350 | 233 S. Laurel Avenue |
| Carrboro, North Carolina 27510 | Charlotte, NC  28207 |
| Tel:  919-810-3139 | Tel:  704-277-0113 |
| Fax: 919-823-6383 | Fax: 919-823-6383 |
| NC State Bar No. 13417 | NC State Bar No. 9673 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this **MOTION TO EXTEND THE DISCOVERY DEADLINE** was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who have made an appearance in this matter.

This the 27th day of January 2023.

                                               S/ VALERIE L. BATEMAN
                                               Valerie L. Bateman
                                               NEW SOUTH LAW FIRM

## CERTIFICATE OF WORD COUNT

I certify that the foregoing MOTION conforms to the requirements of LR 7.3(d). The length of the memorandum is less than 6250 words, excluding the caption, signature lines, certificate of service, and any cover page or index.

                                               S/ VALERIE L. BATEMAN
                                               Valerie L. Bateman
                                               NEW SOUTH LAW FIRM