IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:21-cv-00814-CCE-LRW

| | |
|---|---|
| LARISSA HARPER HAIRGROVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF LAW IN SUPPORT** |
| v. ) | **OF DEFENDANT'S** |
| ) | **MOTION FOR SUMMARY JUDGMENT** |
| CITY OF SALISBURY, DOWNTOWN ) | **BY DEFENDANT LANE BAILEY IN HIS** |
| SALISBURY INC., and LANE BAILEY, in ) | **INDIVIDUAL CAPACITY** |
| his individual and official capacity, ) | |
| ) | |
| Defendants. ) | |

COMES NOW Defendant Lane Bailey, in his individual capacity, and respectfully moves the Court, through undersigned counsel, respectfully move the Court for summary judgment as to all claims in this case brought against him in his individual capacity.

## I. NATURE OF THE MATTER BEFORE THE COURT

Plaintiff brings this action arising out of her prior employment with the Defendant City of Salisbury ("City" or "Defendant City") and alleged joint employment by Downtown Salisbury, Inc. (DSI). Plaintiff asserts one Count against Defendant Bailey in his individual capacity. In Plaintiff's second Count denominated as "Count Three," Plaintiff alleges that Defendant Bailey violated her rights under the "equal protection clause of the U.S. Constitution which prohibit discrimination on the basis of sex in the operation of public employment and which prohibits denial of equal protection of the law." *See* Doc. 12, ¶ 67. In the Preliminary Statement of Plaintiff's Amended Complaint, she alleges:

This is also an action brought under 42 U.S.C. § 1983 (Section 1983) for violation of Plaintiff's rights to equal protection under the United States Constitution, for violations by Defendant Lane Bailey in his individual capacity for implementing a specific practice of employing Plaintiff on behalf of the City of Salisbury jointly with the Downtown Salisbury Inc. and requiring Plaintiff to work two full time positions with two full-time supervisors in knowing violation of wage and hour laws and Plaintiff's right to be treated equally to other similarly situated City employees and not differently because of her sex.

*See* Doc. 12, ¶ 3.

## II. STATEMENT OF THE CASE

Plaintiff filed her Complaint [Doc. 1] on October 18, 2021 and her Amended Complaint on February 11, 2022. [Doc. 12]. Defendants City and Bailey filed their Answer to the Amended Complaint on March 23, 2022. [Doc. 18]. Thereafter, the parties conducted discovery and took depositions. Defendants City and Bailey in his official capacity filed their Motion for Summary Judgment [Doc. 37] and Memorandum of Law in Support [Doc. 38] on April 3, 2023. Defendant Bailey has timely filed his Motion for Summary Judgment and now contemporaneously files this Memorandum of Law in Support.

## III. STATEMENT OF INDISPUTABLE MATERIAL FACTS

Defendant Bailey incorporates by reference the paragraphs 1-3 and 14-16 in the Statement of Indisputable Material Facts set forth in the Memorandum of Law in Support of Defendant City of Salisbury's and Lane Bailey's (official capacity) Motion for Summary Judgment. Defendant respectfully refers the Court to ECF 38, Sec. III, pages 3 – 9 for his Statement of Indisputable Material Facts as set forth in the designated paragraphs above.

## IV. STANDARD OF REVIEW

2

4870-9813-9483, v. 1
Case 1:21-cv-00814-CCE-JLW Document 40 Filed 04/03/23 Page 2 of 10

Summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The Court must "view the evidence in the light most favorable to the nonmoving party" and avoid "weigh[ing] the evidence or mak[ing] credibility determinations." *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017) (quoting *Jacobs v. N.C. Admin. Off. of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015)) (internal quotation marks omitted). However, the Court must also abide by its "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial.'" *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993).

If the moving party demonstrates "an absence of evidence to support the nonmoving party's case," the burden shifts to the nonmoving party to "present specific facts showing that there is a genuine issue for trial." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015). A factual dispute is genuine only where there is sufficient evidence to permit a reasonable jury to find in the nonmoving party's favor. *Id.* "To create a genuine issue for trial, 'the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence.'" *Humphreys & Partners Architects*, 790 F.3d at 540. "Instead, the nonmoving party must establish that a material fact is genuinely

disputed by, inter alia, 'citing to particular parts of the materials of record.'" *United States v. 8.929 Acres of Land in Arlington Cnty., Va.*, 36 F.4th 240, 252 (4th Cir. 2022) (quoting Fed. R. Civ. P. 56(c)(1)(A)).

## V. LEGAL ARGUMENT

### A. Plaintiff Has Failed to Plead the Necessary Elements of a 42 U.S.C. § 1983 Cause of Action Against Defendant Bailey in His Individual Capacity And Count III Fails As To Defendant Bailey in His Individual Capacity

Section 1983 establishes a cause of action against any "person" who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C.A. § 1983 (West). It is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *See Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807 (1994).

In order to establish liability under § 1983, Plaintiffs must plead in a non-conclusory manner: (1) that Plaintiff suffered a deprivation of a constitutional or federal statutory right; (2) at the hands of the defendant; (3) who was acting under the color of state law. *Davis v. Durham Mental Health Developmental Disabilities Substance Abuse Area Auth.,* 320 F.Supp.2d 378, 403 (M.D.N.C. 2004). In addition, when proceeding under Section 1983, a plaintiff must allege that the government official acted "personally in the deprivation of the plaintiff's rights." *Bostic v. Rodriguez*, 667 F. Supp. 2d 591, 612 (E.D.N.C. 2009) (citing *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985).

4

Nowhere in Plaintiff's Amended Complaint has she alleged that Defendant Bailey was acting under color of law. *See* Doc. 12. Therefore, Plaintiff has failed to plead the fundamentally necessary elements of a 42 U.S.C. § 1983 against Defendant Bailey in his individual capacity. Viewing the case in the light most favorable to Plaintiff as the non-moving party, Plaintiff has failed to state a § 1983 claim against Defendant Bailey based upon an alleged deprivation of her Fourteenth Amendment rights or her rights under the Fair Labor Standards Act.

### B. Alternatively, Defendant Bailey Did Not Violate Plaintiff's Rights Under the Fourteenth Amendment

Even if it is assumed, *arguendo* only, that Plaintiff set forth the necessary elements of an action pursuant to § 1983, Plaintiff has failed to establish that Defendant Bailey violated Plaintiff's equal protection rights under the Fourteenth Amendment to the U.S. Constitution. The gist of Plaintiff's allegation seems to be that Defendant Bailey: (1) engaged in intentional sex discrimination in the operation of public employment; and (2) implemented a specific practice of employing Plaintiff on behalf of the City of Salisbury and jointly with DSI. *See* Doc. 12, ¶¶ 3, 67.

Intentional sex discrimination and sexual harassment against public employees by persons acting under color of state law violate the Equal Protection Clause and are actionable under Section 1983. *Beardsley v. Webb*, 30 F.3d at 524, 529 (4th Cir. 1994); *see also Wilcox v. Lyons*, 970 F.3d 452, 458 (4th Cir. 2020). However, Defendant City of Salisbury established in its Memorandum of Law in Support of Defendant City of Salisbury's and Lane Bailey's (official capacity) Motion for Summary Judgment that

Plaintiff was not subjected to intentional discrimination based on sex or sexual harassment. [Doc. 38]. Defendant incorporates by reference Sections V.A.1 and V.A.2 of Document 38, pages 10-15 and respectfully refers the Court to that Memorandum of Law.

Because it was established in Document 38, pages 10 – 15, that Plaintiff was not subjected to intentional sex discrimination or sexual harassment, Plaintiff's individual capacity claim against Defendant Bailey necessarily fails and should be dismissed as a matter of law.

Regarding Plaintiff's allegation that Defendant Bailey implemented a specific practice of employing her jointly with DSI and thereby violated her Fourteenth Amendment equal protection rights, this Court has ruled previously that Plaintiff was not jointly employed with DSI. *See* Doc. 20, pp. 1-2. Therefore, Plaintiff's claim against Defendant Bailey in his individual capacity fails pursuant to the "law-of-the-case" doctrine. This doctrine recognizes that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Graves v. Lioi*, 930 F.3d 307, 318 (4th Cir. 2019) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)) (internal quotation marks omitted).

### C. Alternatively, Defendant Bailey Did Not Violate Plaintiff's Rights Under the Fair Labor Standards Act

Taking a most liberal approach to interpreting Plaintiff's Amended Complaint, it appears that Plaintiff is may be asserting that Defendant Bailey, pursuant to Section 1983, violated her rights under the Fair Labor Standards Act (FLSA). Doc. 12, ¶ 3. This assertion fails as a matter of law as explained below.

First, this Court ruled previously that Plaintiff failed to state a claim under the FLSA because she plead no element of interstate commerce. *See* Doc. 20, p. 2. To the extent that Plaintiff seeks to bring an FLSA claims pursuant to § 1983 against Defendant Bailey, it too fails based upon the law-of-the-case doctrine. *Graves, supra.*

Moreover, Plaintiff failed to plead that Defendant Bailey was her employer. Where a plaintiff fails to adequately plead that a defendant is her employer under the FLSA, the claim fails. *See, e.g., Alvarez-Soto v. B. Frank Joy, LLC*, 258 F. Supp. 3d 615, 630 (D. Md. 2017)

### D. <u>Alternatively, Defendant Bailey is Entitled to Qualified Immunity</u>

Even if the Defendant Bailey violated Plaintiff's federal constitutional or statutory rights, which he did not, Defendant Bailey is entitled to qualified immunity. Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Officials who are sued for civil damages are entitled to qualified immunity unless (1) the complaint sufficiently alleges a violation of a constitutional right, and (2) the right at issue, defined at the appropriate level of generality, was "clearly established" at the time of the alleged misconduct. *Doe ex rel. Johnson v. S.C. Dep't of Soc. Servs.*, 597 F.3d 163, 169 (4th Cir. 2010).

As demonstrated herein, Plaintiff has failed to sufficiently allege a violation of a federal constitutional or statutory right. *See* Section V.A. hereinabove. Thus, Defendant

7

4870-9813-9483, v. 1

Case 1:21-cv-00814-CCE-JLW   Document 40   Filed 04/03/23   Page 7 of 10

Bailey is entitled to qualified immunity. Moreover, Plaintiff has failed to assert in her Amended Complaint that Defendant Bailey violated any clearly established federal constitutional or statutory right. Thus, on this basis as well, Defendant Bailey is entitled to qualified immunity.

As the United States Supreme Court very recently instructed:

> We have repeatedly told courts not to define clearly established law at too high a level of generality. See, *e.g.*, *Ashcroft v. al-Kidd*, 563 U.S. 731, 742, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011). It is not enough that a rule be suggested by then-existing precedent; the "rule's contours must be so well defined that it is 'clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Wesby*, 583 U. S., at ——, 138 S.Ct., at 590 (quoting *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

*City of Tahlequah, Oklahoma v. Bond*, 142 S. Ct. 9, 11–12 (2021).

As demonstrated above, Plaintiff's putative § 1983 claims fail as a matter of law, and even assuming, *arguendo,* that Plaintiff stated such a claim, Defendant Bailey is entitled to qualified immunity.

## CONCLUSION

Based upon the foregoing, Defendant Bailey respectfully requests that Summary Judgment be entered in his favor regarding the individual capacity claims that Plaintiff has attempted to state and that Plaintiff's Amended Complaint be dismissed with prejudice.

## CERTIFICATION OF WORD COUNT

The undersigned counsel hereby certifies that this Memorandum of Law, including those portions of Document 38 which are incorporated by reference, does not exceed 6,250 words in accordance with MDNC Local Rule 7.3(d)(1).

This the 3rd day of April, 2023.

**CRANFILL SUMNER LLP**

By: /s/ *Patrick H. Flanagan*
    Patrick H. Flanagan, NC Bar #17407
    Stephanie H. Webster, NC Bar #12164
    Attorneys for Defendants
    Post Office Box 30787
    Charlotte, NC 28230
    Telephone (704)332-8300
    Facsimile (704) 332-9994
    phf@cshlaw.com
    swebster@cshlaw.com

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT LANE BAILEY IN HIS INDIVIDUAL CAPACITY** with the Clerk of Court using the CM/ECF system and served the same on all of the parties to this cause addressed as follows:

| | |
|---|---|
| Valerie L. Bateman<br>June K. Allison<br>valerie@newsouthlawfirm.com<br>june@newsouthlawfirm.com<br>*Attorneys for Plaintiff* | G. Bryan Adams, III<br>Bryan.adams@vraplaw.com<br>*Attorney for Defendant Downtown Salisbury, Inc.* |

This the 3rd day of April, 2023.

**CRANFILL SUMNER LLP**

By: /s/ *Patrick H. Flanagan*
Patrick H. Flanagan, NC Bar #17407
Stephanie H. Webster, NC Bar #12164
Attorneys for Defendants
Post Office Box 30787
Charlotte, NC 28230
Telephone (704)332-8300
Facsimile (704) 332-9994
phf@cshlaw.com
swebster@cshlaw.com