IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:21-cv-814

| | |
|---|---|
| LARISSA HARPER HAIRGROVE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF SALISBURY, DOWNTOWN | ) |
| SALISBURY, INC. and LANE BAILEY, | ) |
| in his individual and official capacity, | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF WHITNEY WALLACE WILLIAMS

WHITNEY WALLACE WILLIAMS, having been duly sworn according to law, hereby deposes and says:

1. I am Whitney Wallace Williams, a citizen and resident of Rowan County, North Carolina. I am over 18 years of age, under no legal disability and I have personal knowledge of all matters set forth herein.

2. I am an attorney licensed in North Carolina and I have been practicing law since August 2008.

3. I have been involved with defendant Downtown Salisbury, Inc. since 2015, serving as a DSI Board of Director's member from 2015 to the present. Additionally, I served as the Economic Development Committee Chair from 2016 to 2019, as Vice Chair during the 2017-2018 and 2018-2019 terms, and as Chair during the 2019-2020 term.

Since 2020 to present, I have served in the Immediate Past Chair, ex-officio position, and as the Chair of the Empire Redevelopment Task Force (a DSI-commissioned task force) at the request of the organization.

4. On November 19, 2020, Larissa Hairgrove filed EEOC charges of discrimination against DSI and the City. In April 2021, following the mediation with the City of Salisbury, Ms. Hairgrove supplemented her EEOC claim to add a retaliation claim.

5. During my deposition, I was not asked by Plaintiff's counsel about Plaintiff Larissa Hairgrove's post-employment retaliation claim in which she alleges that someone from DSI or the City of Salisbury contacted the Lexington Tourism Authority ("LTA") to tell them that Hairgrove had filed EEOC charges of discrimination against DSI and the City of Salisbury.

6. DSI did not have a representative present at the EEOC mediation due to DSI getting dismissed from the action by the EEOC prior to the mediation.

7. I have not had any conversations or communications with anyone at LTA regarding Ms. Hairgrove at any point in time. To my knowledge, I have never met or spoken with Rebecca McGee or with anyone associated with the LTA in any respect. I have never communicated anything about the EEOC mediation proceeding to which DSI was not a party. I have never spoken to anyone at LTA or Rebecca McGee, about anything regarding Ms. Hairgrove.

8. It is DSI's policy not to discuss personnel matters outside of the organization. I personally ensured that DSI Board Members signed a confidentiality agreement and were advised that personnel matters were confidential and should not be discussed outside of the

organization. Any such communication regarding personnel matters would not be authorized and would be in violation of DSI policies and outside the scope of trustees' duties.

9. Since Ms. Hairgrove's post-employment retaliation claim was filed, I personally inquired of DSI Board members whether any had initiated or been party to conversations with the LTA or Rebecca McGee, regarding Ms. Hairgrove following her resignation. All DSI Board members have denied any such communication.

10. I do not know of any DSI Board member or employee who divulged any information about Hairgrove's EEOC proceeding to LTA or to anyone outside of DSI.

This the 27th day of March, 2023.

_____
Whitney Wallace Williams

Sworn to and subscribed before me on this the 27th day of March, 2023.

_____
Notary Public
My commission expires: 8/24/2027

[Notary Seal: Teresa E. Faggart, NOTARY PUBLIC, Rowan County, NC]