


**FLSA2009-4**

January 14, 2009

Dear **Name***:

This is in response to your request for an opinion regarding the application of the section 13(a)(1) exemption of the Fair Labor Standards Act (FLSA)[1] to a convention and visitors services sales manager employed by a city agency. We believe the employee qualifies as an exempt administrative employee.

According to your letter and the description of job duties you enclosed, this employee's primary duty is marketing and promotional work to enhance the city as a destination for conventions and visitors. This work is intended to bring in meetings and conferences to the city's convention center and generate additional hotel occupancy in the city. The employee works closely with the local hospitality industries, hotels, and other city departments to coordinate conventions and ensure efficient meeting arrangements for the attendees; conducts research to identify potential clients; prepares and presents bids for meetings and conferences; designs promotional brochures and flyers; attends conferences of professional meeting planners and exhibit show associations to generate leads; handles computerized database bookings; and prepares bills for payment. The employee also performs some clerical and support services for the convention and visitors services director as needed. The position description indicates that a high school diploma is required and a bachelor's degree in public relations, business administration, marketing, hospitality, or a related field is preferred. Work experience may be substituted for a bachelor's degree.

Your letter did not indicate the compensation paid to this employee. The special salary basis requirements for public agency employees are contained in 29 C.F.R. § 541.710. For purposes of this response, we will assume that the employee is compensated on a salary basis at a rate of not less than $455 per week.

The FLSA provides an exemption from the minimum wage and overtime requirements for "any employee employed in a bona fide executive, administrative or professional capacity . . . ." 29 U.S.C. § 213(a)(1); *see also* 29 C.F.R. Part 541. Your letter asked whether the convention and visitors services sales manager is an exempt employee through a combination of the professional and administrative exemptions.[2]

---

[1] Unless otherwise noted, any statutes, regulations, opinion letters, or other interpretive material cited in this letter can be found at www.wagehour.dol.gov.

[2] Employees who perform a combination of exempt duties (*e.g.*, an administrative-professional employee) may qualify for exemption. Work that is exempt under one section of the regulations does not defeat the exemption under a different section. *See* 29 C.F.R. § 541.708.

The term "employee employed in a bona fide administrative capacity" in section 13(a)(1) of the FLSA means any employee:

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . . exclusive of board, lodging or other facilities;
>
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
>
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200(a)(1)-(3).

To meet the requirements of the administrative exemption, the employee's primary duty must be "directly related to . . . management or general business operations." 29 C.F.R. § 541.200(a). The employee must perform work directly related to "assisting with the running or servicing of the business," as distinguished, for example, from producing or selling a product. *Id.* Work that is directly related to management or general business operations includes,

> work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations; government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities.

29 C.F.R. § 541.201(b).

In this case, the employee's primary duty is office or non-manual work directly related to management or general business operations. This employee is engaged in marketing activities that are intended to enhance the city's image as a potential meeting place and thus promote economic growth. *See* Wage and Hour Opinion Letter FLSA2006-34 (Sept. 21, 2006) (city events coordinator with primary duty that included marketing was "directly related to management or general business operations").

The administrative exemption also requires that the employee's primary duty include the exercise of "discretion and independent judgment" with respect to "matters of significance." The exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct and acting on or making a decision after the various possibilities have been considered. The term "matters of significance" refers to the level of importance or consequence of the work performed. *See id.* § 541.202(a). The exercise of discretion and independent judgment requires more than using skill in applying well-established techniques, procedures, or specific standards described in manuals or other sources, and does not include clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work. *See id.* § 541.202(e).

According to the information provided, the employee operates under only minimal supervision, researches and selects potential clients, designs and creates promotional materials, and prepares and presents bids for meetings and conferences to potential clients. The employee also determines what amenities the city will offer to a group and the level of staffing the city will provide to assist a group. These duties include the exercise of discretion and independent judgment in matters of significant economic impact on the city. *See* Wage and Hour Opinion Letter FLSA2006-34 (city events coordinator exercised discretion and independent judgment because her duties included, in part, entering into contracts, soliciting contributions, and designing advertising and marketing). Although the employee is required to perform clerical and support duties for the convention and visitors services director as needed, this nonexempt work does not appear to be the employee's primary duty.[3] Thus, we believe the employee qualifies for the administrative exemption. Because we believe that the employee qualifies for the administrative exemption, we do not address the professional exemption.

This opinion relates solely to the application of the FLSA and is based exclusively on the facts and circumstances described in your request. This opinion is given based on your representation, express or implied, that you have provided a full and fair description of all the facts and circumstances that would be pertinent to our consideration of the question presented. Existence of any other factual or historical background not contained in your letter might require a conclusion different from the one expressed herein. You have represented that this opinion is not sought by a party to pending private litigation concerning the issues addressed herein. You have also represented that this opinion is not sought in connection with an investigation or litigation between a client or firm and the Wage and Hour Division or the Department of Labor.

We trust that this letter is responsive to your inquiry.

Sincerely,

Alexander J. Passantino
Acting Administrator

*** Note: The actual name(s) was removed to preserve privacy in accordance with 5 U.S.C. § 552(b)(7).**

[3] The application of each exemption (*i.e.*, the executive, administrative, and professional exemptions) is based on the employee's primary duty. An employee's "primary duty" is defined in 29 C.F.R. § 541.700(a) as the "principal, main, major, or most important duty that the employee performs." The primary duty determination depends on the facts and circumstances in each individual case with major emphasis on the character of the employee's job as a whole. Although the amount of time spent on exempt work can act as a guide, time is not conclusive. Employees who spend more than 50 percent of their time performing exempt work, however, will generally satisfy the primary duty requirement. *See* 29 CFR § 541.700(b).