**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division
Washington, D.C. 20210

FLSA2006-34

September 21, 2006

Dear **Name\***:

This is in response to your request for an opinion regarding the application of the executive and administrative exemptions in section 13(a)(1) of the Fair Labor Standards Act (FLSA) to two Community Events Supervisors (CESs) employed by a municipality (the City) with a population of 96,000. It is our opinion that the two CESs qualify for the administrative exemption. Thus, we do not address the executive exemption.

The first CES is responsible for coordinating the staging of six "major special events" sponsored by the City each year. These events run for a total of 14 weeks each year, but the planning and coordination of the events last throughout the year. This employee plans the festivals, recommends themes to upper management, implements the themes, solicits donations and contributions from vendors, decides what types of contributions (*e.g.*, cash and in-kind donations) to accept, and determines what to provide in exchange for different levels of contributions (such as complimentary tickets). The first CES has the authority to enter into contracts, negotiate contract terms, and design advertising and marketing programs. Some contracts, such as high dollar, entertainer, and alcoholic beverage contracts, may require higher approval than the employee has the authority to negotiate. These events generate about $200,000 of the Parks Department's annual revenue of approximately $2.5 million. The festivals' success depends on the work of this employee. The first CES also assists the Community Events Manager with planning other annual events performing such tasks as entering into contracts with and managing vendors, scheduling and supervising visiting artists at local schools, and planning and directing other events.

You have stated that the first CES supervises a team of maintenance employees from the Parks Department to set up, operate, and take down the event facilities. These employees vary from time to time. The first CES has the authority to hire and fire these employees. You have also stated that each week from June through August, the first CES supervises more than 80 hours of work per week performed by numerous part-time employees. During the rest of the year when the events are not in progress, however, she does not supervise any employees.

The second CES's primary duty is organizing and coordinating the City's summer day camps. The second CES spends 100% of her time from April through August planning the camps, deciding on the courses to offer, and hiring and firing employees. Her duties include planning each year's camp theme and content for children ranging in age from pre-school through teens, deciding the dates and locations for the camps, determining the level of staffing required for each camp, planning camp budgets and staff compensation, hiring and training staff and instructors, arranging for safety and health training by other entities (First Aid/CPR, *etc.*), and entering into contracts for camp activities to be performed at non-City facilities and for transportation to and from camps. The camps generate about $200,000 of the Parks

Department's annual revenue. The second CES also directs an annual trail event, including selecting and contracting with vendors and entertainers, and assists with planning and set-up of an annual Christmas event, including vendor selection and contracting. Additionally, the second CES supervises one part-time employee year-round.

You have stated that both CESs receive more than $455 per week and that they are compensated on a salary basis as defined in 29 C.F.R. § 541.600.

FLSA section 13(a)(1) provides an exemption from the minimum wage and overtime provisions for "any employee employed in a bona fide executive, administrative, or professional capacity," as those terms are defined in 29 C.F.R. Part 541. An employee may qualify for exemption if all of the pertinent tests relating to duties and salary are met. Your letter addressed both the administrative and executive exemptions. Because we conclude that both employees qualify for the administrative exemption, we do not address the executive exemption.

An "'employee employed in a bona fide administrative capacity' shall mean any employee":

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . .;
>
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
>
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200.

"The phrase 'directly related to management or general business operations' refers to the type of work performed by the employee. To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment." 29 C.F.R. § 541.201(a). The Department's regulations provide examples of "work directly related to management or general business operations" as including, but not limited to "work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations; government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities." 29 C.F.R. § 541.201(b).

The third criterion for the administrative exemption, that an employee's primary duty must include the exercise of discretion and independent judgment with respect to matters of significance, "involves the comparison and the evaluation of possible courses of conduct, and

acting or making a decision after the various possibilities have been considered. The term 'matters of significance' refers to the level of importance or consequence of the work performed." 29 C.F.R. § 541.202(a). Section 541.202(b) states that the phrase "discretion and independent judgment" must be applied in the light of all the facts involved in the particular employment situation in which the question arises and provides numerous factors to consider in making this determination. The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures, or specific standards described in manuals or other sources. 29 C.F.R. § 541.202(e). However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. 29 C.F.R. § 541.202(c). Thus, the term "discretion and independent judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review. *Id.*

In evaluating whether the requisite discretion and independent judgment exists, the following job duties should be considered:

> whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

29 C.F.R. § 541.202(b).

**Events Coordinator**

The first CES qualifies for the administrative exemption. First, she is compensated in excess of $455 a week on a salary basis. Second, her primary duty of staging the City's special events involves work in several of the functional areas listed as "directly related to management or general business operations" in 29 C.F.R § 541.201(b), such as budgeting, purchasing, personnel management, advertising, marketing, and public relations. Her primary duty also involves the exercise of discretion and independent judgment with respect to matters of significance because the CES makes decisions that significantly affect the City and enters into contracts with little or no supervision. She also develops and implements the plans for six special events each year that account for a substantial portion of the Parks Department's budget. She is responsible for all phases of the events, and she handles soliciting contributions, designing advertising and marketing, and managing vendors for the events. Thus, the first CES

carries out major assignments (as listed in 29 C.F.R. § 541.202(b)) in the operation of the Parks Department and has the authority to negotiate and bind the Department on significant matters such as negotiating contracts with vendors and event contributors. Therefore, the first CES fulfills the requirements for the administrative exemption. *See* Wage and Hour Opinion Letter FLSA2005-43(Oct. 24, 2005).

**Camp Coordinator**

The second CES also qualifies for the administrative exemption. First, she is compensated in excess of $455 a week on a salary basis. Second, her primary duty involves developing, planning, and running the City's summer camps, the revenue from which accounts for a significant portion of the Department's revenue. 29 C.F.R. § 541.201(a). Her contracting work relates to purchasing and procurement, and her responsibilities also include managing camp personnel, human resources, and budgeting, other items identified as "work directly related to management or general business operations." 29 C.F.R. § 541.201(b). Finally, the second CES's primary duty involves the exercise of discretion and independent judgment regarding matters of significance. She independently carries out major assignments for the Parks Department and has the authority to bind the City in significant matters such as negotiating contracts with non-City facilities for camp activities, for transportation to and from the camps, and with vendors and entertainers for the annual trail event. Therefore, the second CES qualifies for the administrative exemption. *See* 29 C.F.R. § 541.202(b).

This opinion is based exclusively on the facts and circumstances described in your request and is given based on your representation, express or implied, that you have provided a full and fair description of all the facts and circumstances that would be pertinent to our consideration of the question presented. Existence of any other factual or historical background not contained in your letter might require a conclusion different from the one expressed herein. You have represented that this opinion is not sought by a party to pending private litigation concerning the issue addressed herein. You have also represented that this opinion is not sought in connection with an investigation or litigation between a client or firm and the Wage and Hour Division or the Department of Labor.

We trust that the above information is responsive to your inquiry.

Sincerely,


Paul DeCamp
Administrator


**\* Note: The actual name(s) was removed to preserve privacy in accordance with 5 U.S.C. § 552(b)(7).**